IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DESIREE HERRERA,**

    Plaintiff,

v.                                      No. CV-07-1128 LAM/ACT

**CITY OF ALBUQUERQUE,**
**OFFICER M.L. O'BRIEN, in her**
**individual capacity and JOHN DOES**
**I through V, in their individual capacities,**

    Defendants.

**CITY DEFENDANTS' RESPONSE TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF**
**DEFENDANT M.L. O'BRIEN INDIVIDUAL LIABILITY FOR PLAINTIFF'S TORT**
**CLAIMS AND SECTION 1983 CLAIMS**

COME NOW, Defendants, City of Albuquerque and Officer M.L. O'Brien (*hereafte*r collectively referred to as "City Defendants"), by and through her attorneys, Robles, Rael & Anaya, P.C. (Erika E. Anderson, Esq.) and Deputy City Attorney Katherine Levy and hereby respond to Plaintiff's Motion for Summary Judgment as follows.

**I.**      **Introduction**

On October 5, 2005, Plaintiff was arrested for abandonment and or abuse of a three (3) year old child. Plaintiff has brought this lawsuit against the City Defendants pursuant to the New Mexico Tort Claims Act and 42 U.S.C. Section 1983. Plaintiff has alleged false imprisonment, false arrest and abusive process in violation of the Tort Claims Act. She has further alleged that she was arrested in violation of the Fourteenth Amendment in violation of Section 1983. In her Motion for Summary Judgment, Plaintiff argues that she is entitled to summary judgment on all her claims under

the New Mexico Tort Claims Act and Section 1983 because Defendant O'Brien did not have probable cause to arrest her. Plaintiff's argument lacks merit because there are genuine issues of material fact and because Plaintiff has failed to show that she is entitled to judgment as a mater of law.

## II.     Standard of Review

Summary Judgment is warranted only if the record, considered in light most favorable to the non-moving party, establishes no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56 ( c) "In considering a party's motion for summary judgment, the court must examine all the evidence in the light most favorable to the non-moving party." *Westland Holdings, Inc., v. Lay*, 462, F. 3d 1228, 1231 (10th Cir. 2006)  Plaintiff has failed to meet the summary judgment standard, and therefore, her Motion for Summary Judgment should be denied.

## III.    Argument

### A.    **Plaintiff's Motion for Summary Judgment Should be Denied Because there are Issues of Material Fact.**

In her motion, Plaintiff argues that summary judgment should be granted because there are no genuine issues as to any material fact. In paragraph nine (9) of the motion, Plaintiff asserts, without citing to any evidence, that Defendant O'Brien had no information at the time of the incident that the child was in a direct line of physical danger. Defendant O'Brien, however, testified during her deposition that there were several factors that she considered in determining that the child could be in physical danger and that the Children, Youth and Families Department should be called. (Exhibit A Deposition of M.L. O'Brien, page 46, lines 1-5). Plaintiff further alleges in paragraph

nine (9) of her motion that Defendant O'Brien decided to arrest Plaintiff on the mere basis that she "needed to be responsible for taking care of (her) child." The police report, however, shows that Defendant O'Brien arrested Plaintiff for abandonment or abuse of a child[1] based on upon the "unclean and unhealthy conditions" of her apartment. *(*Exhibit B*,* State of New Mexico Uniform Incident Report.) These are material issues of fact that are disputed by the parties, and for this reason, summary judgment should not be granted.

    **B.**    **Plaintiff's Motion for Summary Judgment Should Be Denied Because Whether Defendant O'Brien had Probable Cause to Arrest Plaintiff is a Factual Question and Cannot be Decided in this Case as a Matter of Law.**

In evaluating the existence or probable cause, courts consider whether "the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution to believe that an offense has been, or is being committed." *United States v.* Edwards, 242 F.3d 928, 933 (10th Cir. 2001); *see also Santillo v. New Mexico Department of Public Safety*, 2007-NMCA-159, ¶ 14, 143 N.M. 84, 173 P.3d 6 (internal citations and quotations omitted). Probable cause is based upon the totality of circumstances, including the facts available to the officer, and deference is given to an officer's observations, experience and training. *State v. Williams*, 2008-NMCA-096, ¶ 25, 144 N.M. 522, 188 P.3d 1273. "[W]hile the existence of probable cause is often a jury question, summary judgment is appropriate when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from there." *Triplett v. Tripp,* 2007 WL 2757440 (D. Colo. 2007) (internal citations and quotations omitted).

---

[1] The police report cites to NMSA 12-5-1 and states that Plaintiff was arrested for abandonment and cruelty to children. NMSA 12-5-1, however, is a statute governing Arbor Day. The New Mexico statute that relates to abandonment or abuse of a child is NMSA 30-6-1.

3

Defendant O'Brien arrested Plaintiff for abandonment and child abuse. According to NMSA 30-6-1:

> "[a]buse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be:
>
> 1) placed in a situation that may endanger the child's life or health;
> 2) tortured, cruelly confined or cruelly punished; or
> 3) exposed to the inclemency of the weather."

Defendant O'Brien is currently an officer with the Albuquerque Police Department and has been with the Department since 2004. (Exhibit A, page 4, lines 1-7) Defendant O'Brien has articulated several factors that she considered to establish probable cause that the crime of abandonment or abuse of a child had been, or was being committed, by Plaintiff. Defendant O'Brien testified during her deposition that she considered the "filthy" conditions of the apartment (Exhibit A, page 40, line 24) including that the bathtub was full of black water that had a foul odor (Exhibit A, page 44, lines 9-11), that there was something wrong with the gas in the apartment (Exhibit A, page 44, line 25, page 45, lines 1-4), that there were razor blades on the floor (Exhibit A, page 46, lines 2-5), that there was old food in the sink and around the apartment (Exhibit A, page 46, lines 2-5), that there were cigarette butts on the floor (Page 46, line 3), that there was very little food in the refrigerator and the cupboards (Exhibit A, page 44, lines 18-19) and that there was a vicious pit bull chained up in the backyard that had access into the kitchen. (Exhibit A, page 46, line 5-12). Additional factors considered by Defendant O'Brien included that Plaintiff was juvenile and she had a young three (3) year old son. (Exhibit A, page 41, lines 1-2, page 53, lines 11-12 ). *See State v. Jensen*, 2006-NMSC-045, ¶ 12, 140 N.M. 416, 143 P.3d 178 (age within the context of child endangerment inevitably will be considered by juries). All of these factors combined contributed to the totality of the circumstances and to Defendant O'Brien's reasonable determination Plaintiff had

placed her son in a situation that may endanger her child's life or health in violation of NMSA 30-6-1.

Plaintiff argues in her Motion for Summary Judgment that based upon the reasoning of *State v. Graham*, 134 N.M. 613, 81 P.3d 556 (Ct. App. 2003)(overruled on other grounds) there was not enough evidence to support the probable cause determination for Plaintiff's arrest. This argument lacks merit. In *Graham*, the Court held that there was enough evidence to support a <u>conviction</u> for child abuse by endangerment. *Graham*, 134 N.M. at 617, 81 P.3d at 560. In so holding, the Court concluded that for a conviction, there needed to be "reasonable probability or possibility that the child will be endangered." *Id. (*internal citations and quotations omitted) Since *Graham* was decided, the New Mexico Supreme Court decided *State v. Jensen*, 2006 - NMSC -045, 140 N.M. 416, 143 P.3d 178. In *Jensen*, the Court looked at whether filthy living conditions can provide the exclusive basis for charging a defendant with child endangerment. While many jurisdictions have upheld child abuse convictions solely on exposing a child to filthy and unhealthy living conditions, *see State v. Piep*, 84 P.3d 850 (Utah Ct. App. 2004); *State v. Deskins*, 152 Ariz. 209, 731 P.2d 104 (1986); *and State v. Smith*, 130 Ariz. 74, 634 P.2 1 (1981), the New Mexico Supreme Court has held that there needs to be a reasonable probability or possibility that such filthy conditions endanger the child. *Jensen*, 2006-NMSC-045, ¶ 14. The standard to sustain a conviction for child abuse by endangerment, however, is higher than the standard needed to support a finding of probable cause, and therefore, this higher standard does not apply for purposes of this motion.

Plaintiff also argues in her Motion for Summary Judgment that the Court should find that Defendant O'Brien lacked probable cause for Plaintiff's arrest because she learned additional facts during her investigation that gave Plaintiff justifiable cause for the condition of the apartment. *See BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986) These additional facts included that Plaintiff had informed Defendant O'Brien that she had reported these problems to her landlord and that the

landlord refused to fix the problems. Plaintiff also told Defendant O'Brien that because the landlord had failed to fix these problems, she was about to move out of the apartment. Again, whether Plaintiff had justifiable cause for the condition for her apartment is a question for the jury. Because this is a factual question for the jury, it is not properly decided as a matter of law. Therefore, Plaintiff's Motion for Summary Judgment should be denied.

Whether Defendant O'Brien had probable cause as to arrest Plaintiff is a factual question that should be decided by a jury. This is not a case where Plaintiff's assertion that Defendant O'Brien lacked probable case is clear cut and can be determined as a matter of law. Because this is an issue that must be decided by evaluating the facts in this case, Plaintiff's Motion for Summary Judgment should be denied.

**IV.   Conclusion**

City Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment because there are disputed issues of material fact and because whether Defendant O'Brien had probable cause to arrest Plaintiff is a factual question that can not be determined as a matter of law. For these reasons, summary judgment in this case is improper, and Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.

By:   /s/ Erika E. Anderson
Erika E. Anderson
Attorney for City Defendants
500 Marquette Avenue, N.W., Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228 (phone)
(505) 242-1106 (fax)

Kathryn Levy
Counsel for City Defendants
P.O. Box 2248
Albuquerque, N.M. 87103-2248

I hereby certify that on this
26th  day of September 2008,
the foregoing was electronically
served through the CM/ECF
system to the following:

David Meilleur
Law Office of Nancy L. Simmons
Counsel for Plaintiff
120 Girard SE
Albuquerque, N.M. 87106
(505) 232-2575 (Phone)
(505) 232-2574 (Facsimile)
Email:  nlsmeilleur@swcp.com

Nancy L. Simmons
Law Office of Nancy L. Simmons
Counsel for Plaintiff
120 Girard SE
Albuquerque, N.M. 87106
(505) 232-2575 (Phone)
(505) 232-2574 (Facsimile)
Email: nlslaw@swcp.com

 /s/ Erika E. Anderson
Erika E. Anderson