IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DESIREE HERRERA,

        Plaintiff,

v.                                              CIV-07-1128 LAM/ACT

CITY OF ALBUQUERQUE,
OFFICER M. L. O'BRIEN, in her
individual capacity and JOHN DOES
I through V, in their individual capacities,

        Defendants.

## ORDER GRANTING *PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF DEFENDANT M.[]L. O'BRIEN['S] INDIVIDUAL LIABILITY FOR PLAINTIFF'S TORT CLAIMS AND SECTION 1983 CLAIMS (Doc. 48)*

**THIS MATTER** is before the Court on *Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48)* (hereinafter "*Motion for Summary Judgment*"), filed on August 21, 2008.  Defendants City of Albuquerque and Officer M. L. O'Brien (hereinafter "Defendants") filed *City Defendants' Response to Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 55)* (hereinafter "*Response*"), on September 26, 2008.[1]  Plaintiff filed her

---

[1] The Court considers this response as timely pursuant to the *Order Granting in Part and Denying in Part City Defendants' Motion to Set Aside Notice of Completion of Briefing (Doc. 51)* *(Doc. 54)* entered on September 25, 2008.

*Reply to Defendants' Response to Plaintiff's Motion for Summary Judgment on [the] Issue of Defendant M.[]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims, Doc. No. 48 (Doc. 58)* (hereinafter "***Reply***"), on October 7, 2008. The undersigned United States Magistrate Judge, acting upon consent and designation pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), and having considered the record, relevant law, and being otherwise fully advised, **FINDS**, for the reasons set forth below, that *Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48)* is well-taken and should be **GRANTED**.

## I. BACKGROUND

The following factual summary is taken from Plaintiff's Statement of Undisputed Material Facts as set forth in her *Motion for Summary Judgment (Doc. 48)*, and Defendants' position on factual matters as set forth in their *Response (Doc. 55)*. On October 5, 2005, Officer M. L. O'Brien responded to a call of domestic violence at Plaintiff's residence, and determined that the violence was perpetrated on Plaintiff by her boyfriend, Tomas Jaramillo.[2]  When Officer O'Brien arrived at Plaintiff's residence, Plaintiff "informed her that she and her son were the only ones in the apartment at the time."[3]  Officer O'Brien entered the apartment, observed that it was unclean, and when she "commented on the state of the apartment," Plaintiff told her "that she was in the process of moving

---

[2]*See **Motion for Summary Judgment** (Doc. 48)* at 2.

[3]***Motion for Summary Judgment** (Doc. 48)* at 2.  According to the Incident Report and Tomas Jaramillo's criminal complaint, *(Doc. 48-2)* at pages 3-4 of 12, Plaintiff's boyfriend returned to the residence, admitted he had struck Plaintiff, and was arrested for domestic violence and battery against a household member, contrary to N.M.S.A. §§ 31-1-7 and 30-3-15.

out."[4]  Officer O'Brien observed razor blades[5] on the floor, old food in the sink and around the apartment, cigarette butts on the floor, very little food in the refrigerator and cupboards, and a vicious pit bull chained up in the backyard with access into the kitchen.[6] Officer O'Brien then entered a bedroom and observed Plaintiff's child sleeping in the bedroom.[7]  "[Officer] O'Brien observed that the bathtub was filled with black water" and Plaintiff told her that she had spoken to the landlord about it and "that she had been using someone else's bathroom to bathe her child."[8]  Plaintiff told Officer O'Brien that there was "a problem" with the gas in the apartment and that Plaintiff had contacted the landlord about that problem as well.[9]  Officer O'Brien contacted "CYFD" (presumably the New Mexico Children Youth and Families Department), and CYFD contacted paramedics to check the health of Plaintiff's son, who was found to be in good health.[10]  Officer O'Brien then arrested Plaintiff for abandonment or abuse of a 3-year-old child under N.M.S.A. § 30-6-1.[11]

---

[4]*Motion for Summary Judgment (Doc. 48)* at 2.

[5]The Court notes that it is unclear whether Officer O'Brien observed razors or razor blades at Plaintiff's apartment.  In the Incident Report, as well as in the Criminal Complaint against Tomas Jaramillo, Officer O'Brien states that she "observed *razors*, food, cigarette butts and clothes on the floor," (*see **Motion for Summary Judgment** Exhibit A (Doc. 48-2)* at 2 (emphasis added)), but in her deposition testimony, she states that she observed "razor blades on the floor" (*see **Motion for Summary Judgment** Exhibit B (Doc. 48-2)* at 8 (deposition page 46)).  It is also unclear from these two statements whether Officer O'Brien observed the razors or razor blades on the floor or somewhere else in the apartment because her statement in the Incident Report could imply that she only observed clothes on the floor, not razors.

[6]*Response (Doc. 55)* at 4.

[7]*Id.   See also* Incident Report in ***Motion for Summary Judgment** (Doc. 48-2)* at Exhibit A at 2 (Officer O'Brien states that she "observed razors, food, cigarette butts and clothes on the floor," and then states that she "walked into the bedroom and observed her son sleeping").

[8]*Motion for Summary Judgment (Doc. 48)* at 3.

[9]*Response (Doc. 55)* at 4; *Motion for Summary Judgment (Doc. 48)* at 3.

[10]*Motion for Summary Judgment (Doc. 48)* at 3.  According to the Incident Report and Tomas Jaramillo's criminal complaint at *(Doc. 48-2)* pages 3-4 of 12, CYFD then took custody of the child.

[11]*Response (Doc. 55)* at 4 and ***Motion for Summary Judgment** (Doc. 48)* at 6 and Exhibit A *(Doc. 48-2)* at 1 of 12.  The Court notes that the incident report states that Plaintiff was arrested under N.M.S.A. § 12-5-1, which is (continued...)

Officer O'Brien also contacted nuisance abatement regarding the apartment and her concern that it was not up to code.[12]

Plaintiff claims that Officer O'Brien did not have probable cause to arrest her and, therefore, her arrest constitutes a tortious act under New Mexico law and a violation of her constitutional rights.[13]  Plaintiff relies on *State of New Mexico v. Graham*, 81 P.3d 556 (N.M. Ct. App. 2003), *rev'd on other grounds*, 109 P.3d 285, 289 (N.M. 2005), for her argument that New Mexico law requires that a child either be actually harmed or in the direct line of physical harm to uphold convictions under N.M.S.A. § 30-6-1.[14]  Plaintiff claims that "Defendant O'Brien never observed any circumstances in which the child was actually in any danger as the result of the conditions of the apartment."[15]  Plaintiff states that the condition of the apartment was due to the negligence of her landlord, the altercation that had just taken place between Plaintiff and her boyfriend, and because Plaintiff was in the process of moving out due to the problems with the apartment.[16]  Plaintiff contends that since she had taken steps to remedy the problems with the apartment by contacting her landlord, and was in the process of moving out of the apartment, that Officer O'Brien did not have probable cause to arrest her for child abuse.[17]  Plaintiff asks the Court to find that she is entitled to summary judgment as to the

---

[11](...continued)
a statute regarding Arbor Day.  Both parties indicate that the statute section listed in the incident report is a mistake and that the statute that Plaintiff was arrested under is N.M.S.A. § 30-6-1.  *See* **Motion for Summary Judgment** *(Doc. 48)* at 6 and **Response** *(Doc. 55)* at 3.

[12]*See* **Motion for Summary Judgment** *(Doc. 48)* at 4.

[13]*See* **Motion for Summary Judgment** *(Doc. 48)* at 4-5.

[14]*Id.* at 6-7.

[15]*Id.* at 7

[16]*Id.* at 8-9.

[17]*Id.* at 7-8.

liability of Officer O'Brien on her claims under the New Mexico Tort Claims Act and 42 U.S.C. § 1983.[18]

In response, Defendants state that Plaintiff's motion should be denied for two reasons. First, Defendants state that they dispute the facts in Paragraph 9 of Plaintiff's motion.[19] Defendants claim that the disputed issues of material fact are: (1) whether Officer O'Brien considered several factors in determining that Plaintiff's child was in a direct line of physical danger, and (2) the reason why Officer O'Brien arrested Plaintiff.[20] Second, Defendants argue that summary judgment is not proper because the question of whether Officer O'Brien had probable cause to arrest Plaintiff is a factual question for the jury.[21] Defendants claim that Officer O'Brien considered the conditions of the apartment and the ages of Plaintiff and her son in making a probable cause determination.[22] Defendants state that the cases relied on by Plaintiff apply to whether a conviction should be upheld under N.M.S.A. § 30-6-1, and that probable cause has a lower standard.[23]

In her **Reply**, Plaintiff states that Defendants failed to identify a genuine issue of material fact because the two issues of fact that Defendants identify are not seriously in dispute, but rather are (1) a legal question and (2) a question about the weight that should be given to testimony.[24] Plaintiff argues that Defendants do not provide any alternate facts or evidence that would dispute the facts

---

[18]*Id.* at 13.

[19]*See **Response** (Doc. 31)* at 2-3.

[20]*Id.*

[21]*Id.* at 3.

[22]*Id.* at 4.

[23]*Id.* at 5.

[24]***Reply** (Doc. 58)* at 1-2.

alleged by Plaintiff.[25]  Plaintiff also contends that the question of whether Officer O'Brien had

sufficient probable cause to arrest Plaintiff is a legal determination because there are no issues of fact

in dispute.[26]

## II. STANDARD

"Summary judgment is appropriate only if there is no genuine issue as to any material fact and

the [moving party] is entitled to judgment as a matter of law."  *See Santana v. City and County of*

*Denver*, 488 F.3d 860, 864 (10th Cir. 2007) (citing Fed. R. Civ. P. 56(c)).  The Court must "examine

the factual record and draw reasonable inferences therefrom in a light most favorable to the

nonmoving party."  *See Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000)

(citation omitted).  The movant bears the initial burden of establishing that no genuine issue exists as

to any material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

'genuine issue for trial.'"  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986) (quotation omitted).  The movant's initial burden may be discharged by showing there is an

absence of evidence to support the non-moving party's case.  *Celotex Corp v. Catrett*,

477 U.S. 317, 323 (1986).  Once the movant meets its burden, the burden shifts to the non-moving

party to demonstrate a genuine issue for trial on a material matter.  *Bacchus Indus., Inc. v. Arvin*

*Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary

judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific

facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden

---

[25]*Id.* at 2-3.

[26]*Id.* at 6-7.

of proof.  *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.*, 22 F.3d 1527, 1529
(10th Cir. 1994).  It is not sufficient "to simply show that there is some metaphysical doubt as to the
material facts."  *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.  An issue of material fact is genuine
if a reasonable jury could return a verdict for the party opposing the motion.  *Universal Money Ctrs.,
Inc.*, 22 F.3d at 1529.  The mere existence of a scintilla of evidence in support of the non-movant's
position is insufficient to defeat a properly supported motion for summary judgment.  *Id.*

### III.  ANALYSIS

### A.  *Genuine Issue of Material Fact*

The Court must first determine whether there are any genuine issues of material fact, and, to
do so, the Court will examine the factual record and draw reasonable inferences in a light most
favorable to Defendants.  First, Defendants claim that there is a material factual dispute because, in
Paragraph 9 of her ***Motion for Summary Judgment** (Doc. 48)*, "Plaintiff asserts, without citing to
any evidence, that Defendant O'Brien had no information at the time of the incident that the child was
in a direct line of physical danger," while Defendants assert that Officer "O'Brien [] testified during
her deposition that there were several factors that she considered in determining that the child could
be in physical danger and that the Children, Youth and Families Department should be called."[27]
Defendants claim that Officer O'Brien relied on the following factors to make a probable cause
determination to arrest Plaintiff: (1) that there was black water with a foul odor in the bathtub, (2)
the gas in the apartment was not working, (3) there was old food in the sink and around the
apartment, (4) there were razor blades and cigarette butts on the floor, (5) there was very little food
in the refrigerator and cupboards, and (6) "there was a vicious pit bull chained up in the backyard that

---

[27]***Response** (Doc. 55)* at 2 (citing deposition of Officer O'Brien at *Doc. 55-2* Exhibit A page 5 (deposition
page 46, lines 1-5)).

had access into the kitchen."[28]   Defendants also claim that Officer O'Brien's consideration that Plaintiff was a juvenile and that her son was three years old provide additional facts that constitute probable cause for Plaintiff's arrest under the totality of the circumstances.[29]   Plaintiff contends that this is not a genuine issue of material fact because the issue of whether the child was in a direct line of physical danger is a legal issue, and "the facts surrounding that issue are quite settled."[30]

The Court finds that Plaintiff's assertion in Paragraph 9 of her ***Motion for Summary Judgment*** *(Doc. 48)* does not present a material factual dispute because Plaintiff does not dispute any of the facts that Officer O'Brien states she relied on to make a probable cause determination to arrest Plaintiff.  Instead, all of the factors which Officer O'Brien states she considered, such as the conditions of the apartment, the ages of Plaintiff and her son, and the events that led up to Plaintiff's arrest, are all undisputed by Plaintiff.  The issue of whether these undisputed facts add up to a reasonable determination that the child was in a direct line of physical danger and, therefore, constitute probable cause to arrest Plaintiff, is a legal, not a factual, dispute.  *See Keylon v. City of Albuquerque*, 535 F.3d 1210, 1215 (10th Cir. 2008) (explaining that the issue of probable cause to arrest should be decided by the court "when there is no genuine issue of material fact") (citation omitted).

Next, Defendants contend that there is a genuine issue of material fact as to whether Officer "O'Brien decided to arrest Plaintiff on the mere basis that she 'needed to be responsible for taking care of (her) child,'"[31] or because Officer "O'Brien arrested Plaintiff for abandonment or abuse

---

[28]***Response*** *(Doc. 55)* at 4 (citing Officer O'Brien's deposition transcript at Exhibit A).

[29]*Id.*

[30]***Reply*** *(Doc.58)* at 1.

[31]***Response*** *(Doc. 55)* at 3 (citing ***Motion for Summary Judgment*** *(Doc. 48)* at 3).

of a child based on . . . the 'unclean and unhealthy conditions' of her apartment."[32]  The Court finds that this is not a material factual dispute because the subjective reason why Officer O'Brien arrested Plaintiff is irrelevant to the question of whether Officer O'Brien had probable cause to arrest Plaintiff.  *See Keylon*, 535 F.3d at 1219-20 (holding that the court's determination of whether an officer had probable cause for an arrest is "an independent and objective" determination, and "an officer's own subjective reason for the arrest is irrelevant.") (citation omitted).

The Court notes that there may be a factual dispute as to whether Officer O'Brien saw razors or razor blades in the apartment, and whether the razors or razor blades were on the floor or elsewhere in the apartment.[33]  The Court finds, however, that these issues are not material to the question of whether Officer O'Brien had probable cause to arrest Plaintiff because it is undisputed that the razors or razor blades were in a room separate from where the child was sleeping.[34]  As explained further below, the Court finds that since the child did not have access to the razors or razor blades, the child was not placed in a direct line of harm.  The Court, therefore, after examining the factual record and drawing reasonable inferences in a light most favorable to Defendants, finds that Plaintiff met her initial burden of establishing that no genuine issue exists as to any material fact, and that Defendants have failed to set forth specific facts showing that there is a genuine issue for trial.  *See Universal Money Ctrs., Inc.*, 22 F.3d at 1529.

---

[32]***Response** (Doc. 55)* at 3 (citing Incident Report at Exhibit B *(Doc. 55-3)* at 2.

[33]*See* footnote 5 in Section I above.

[34]*See* Incident Report in ***Motion for Summary Judgment** (Doc. 48-2)* at Exhibit A at 2 (Officer O'Brien states that she "observed razors, food, cigarette butts and clothes on the floor," and then states that she "walked into the bedroom and observed [Plaintiff's] son sleeping").

## B. Judgment as a Matter of Law

Since the Court has found that there are no issues of material factual dispute, the Court must next determine whether Plaintiff is entitled to judgment as a matter of law. Plaintiff claims that her arrest was not supported by probable cause, and, therefore, constituted a tortious act under New Mexico law and a violation of her constitutionally protected rights. Plaintiff states that her arrest was not supported by probable cause because the facts do not establish that she had committed the crime of child abuse.[35] Plaintiff contends that "[Officer] O'Brien never observed any circumstances in which the child was actually in any danger as a result of the conditions of the apartment," and New Mexico law has interpreted this statute as requiring "actual, physical harm or the placement of a child in the direct line of harm."[36] In addition, Plaintiff points out that the child was asleep in another room, was in good physical health, and Plaintiff was in the process of moving to a new apartment.[37] Defendants state that Officer O'Brien had probable cause to arrest Plaintiff based on the backed up bathtub; the gas in the apartment not working correctly; old food in the sink and around the apartment; razor blades and cigarette butts on the floor; very little food in the refrigerator and cupboards; the "vicious" pit bull with access into the kitchen; and Plaintiff's and her son's ages.[38]

"A police officer violates an arrestee's clearly established Fourth Amendment right to be free of unreasonable seizure if he or she makes a warrantless arrest without probable cause." *See Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (citing *Tennessee v. Garner*, 471 U.S. 1, 7 (1985)). To determine whether probable case for an arrest exists, the Court must "ask

---

[35]**Motion for Summary Judgment** *(Doc. 48)* at 7.

[36]*Id.* at 7 (citing *State of New Mexico v. Graham*, 81 P.3d 556 (N.M. Ct. App. 2003), *rev'd on other grounds*, 109 P.3d 285, 289 (N.M. 2005)).

[37]**Motion for Summary Judgment** *(Doc. 48)* at 7-8.

[38]**Response** *(Doc. 55)* at 4 (citing Officer O'Brien's deposition transcript at Exhibit A).

whether an objectively reasonable officer could conclude that the historical facts at the time of the arrest amount to probable cause." *Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (citations omitted).  Probable cause exists if, "based on the totality of the circumstances" and "reasonably trustworthy information" within the arresting officer's knowledge, the facts are sufficient to "lead a reasonable officer to believe that the person about to be arrested has committed or is about to commit a crime." *Id.*  Police officers "may not ignore easily accessible evidence," and must interview readily available witnesses and make a basic investigation. *Id.* at 1117 (internal quotation and citation omitted) (holding that an officer did not have probable cause to make an arrest for child abuse based on uncorroborated hearsay statements of a two-year-old when the officer could have interviewed witnesses and considered physical evidence and a medical diagnosis and failed to do so); *see also BeVier v. Hucal*, 806 F.2d 123, 126-27 (7th Cir. 1986) (holding  there was not probable cause to arrest parents for child abuse even though the facts "weakly supported an inference that the children were being neglected" because the officer failed to question the parents, medical personnel, or other caretakers which would have provided information that the children were not being neglected).

The Court, therefore, must determine whether the undisputed facts and circumstances within Officer O'Brien's knowledge are sufficient to lead a reasonable officer to believe that Plaintiff had committed or was committing the crime of abandonment or abuse of a child under N.M.S.A. § 30-6-1.  This statute defines abuse of a child as:

> [A] person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be:
>
> (1) placed in a situation that may endanger the child's life or health;
>
> (2) tortured, cruelly confined or cruelly punished; or

(3) exposed to the inclemency of the weather.

N.M.S.A. § 30-6-1(D).  "Negligently" is defined in the statute as "criminal negligence and means that a person knew or should have known of the danger involved and acted with a reckless disregard for the safety or health of the child."  N.M.S.A. § 30-6-1(A)(3).

The New Mexico Supreme Court has explained that, while New Mexico's child abuse statute encompasses "certain conduct even if the child has not suffered physical  harm[,] . . . the Legislature did not intend to criminalize conduct creating 'a mere possibility, however remote, that harm may result' to a child."  *State of New Mexico v. Graham*, 109 P.3d 285, 289 (N.M. 2005) (internal quotations and citations omitted).  The purpose of the statute is to criminalize conduct where there is a "reasonable probability or possibility that the child will be endangered."  *Id.* (internal quotation and citations omitted).  New Mexico courts have explained that the type of conduct that this statute criminalizes requires more than filthy or unsafe living conditions.  Instead, New Mexico courts require evidence that the child was "within the zone of danger and physically close to an inherently dangerous situation," or that "the conduct creates indirect danger to a child."  *State of New Mexico v. Jensen*, 143 P.3d 178, 181 (N.M. 2006).  In *State of New Mexico v. Jensen*, the court explained that filthy living conditions alone did not provide sufficient evidence to uphold a child abuse conviction, but rather evidence that Defendant supplied alcohol to the child on a daily basis and cooked him rotten food on a stove-top littered with rodent droppings provided a reasonable probability or possibility that Defendant had committed child endangerment. *Id.* at 182-83.  Similarly, in *State of New Mexico v. Chavez*, --- P.3d ---, No. 26,563, 2008 WL 4406349 at *3-4 (N.M. Ct. App. June 20, 2008), the court upheld the defendant's conviction for child abuse where, in addition to unsanitary and unsafe conditions in the home, the evidence showed that the children were allowed to run around in the home and yard where they were observed without shoes and sometimes unattended, and the parents

had been referred by CYFD for services and parenting skills classes, so the court found that the parents understood that the conditions of their home may have endangered the children. *See also State of New Mexico v. Graham*, 109 P.3d at 289 (upholding conviction for child abuse because the evidence "supports a reasonable inference that the children were in the immediate vicinity of the marijuana, that it was accessible to them, and that there was a reasonable possibility that the children would come in contact with the controlled substance").

In addition, to establish negligent behavior under this statute, there must be a showing of "criminal negligence." In *State of New Mexico v. Massengill*, 62 P.3d 354, 367-68 (N.M. Ct. App. 2002), the court held that there was not sufficient evidence to support a conviction for child abuse by endangerment when the defendant was pushing a stroller out in front of him out of his reach, the stroller fell off the sidewalk, and the child in the stroller was injured. The court found that defendant's conduct was "imprudent," but that there was no evidence of criminal negligence for that conduct. *Id.* at 368. The court explained that New Mexico's child abuse statute is not intended to allow felony punishment for "ordinary negligent conduct." *Id.* at 368 (citing *Santillanes v. State*, 849 P.2d 358, 366 (N.M. 1993)) (stating that "if imprudent and possibly negligent conduct were sufficient to expose a care giver to criminal liability for child endangerment, undoubtedly the majority of parents in this country would be guilty of child endangering - at least for acts of similar culpability") (internal quotations and citation omitted). The court also emphasized that the legislature has created a civil process through abuse and neglect proceedings to protect the interests of children "regardless of whether the threatened danger meets the higher threshold required for a criminal conviction." *State of New Mexico v. Massengill*, 62 P.3d at 368 (citing Children's Code, Abuse and Neglect Act, N.M.S.A. §§ 32A-4-1 to -33 and *State v. Trujillo*, 53 P.3d 909 (N.M. Ct. App. 2002)).

The Court finds that the facts and circumstances within Officer O'Brien's knowledge are not sufficient to lead a reasonable officer to believe that Plaintiff had committed or was committing the crime of child abuse under N.M.S.A. § 30-6-1.  First, the undisputed facts do not show that Plaintiff acted knowingly or intentionally without justifiable cause, because there is undisputed evidence that Plaintiff had taken steps to correct the problems with her apartment by complaining to her landlord and preparing to move out of the apartment when the landlord did not fix the problems.  These facts provide justifiable cause for at least some of the factors that Officer O'Brien relied on to arrest Plaintiff, such as the backed up bathtub and problem with the gas, and the Court notes that Plaintiff was only sixteen years old at the time and yet she showed a lot of maturity and responsibility in taking these steps and deciding to move out of her apartment.

Second, the Court does not find that Plaintiff's actions amount to "criminal negligence [or] reckless disregard for the safety or health of [her] child," as required under the statute.  *See* N.M.S.A. § 30-6-1(A)(3).  The evidence that Plaintiff was demanding that the landlord make the apartment safer and fix the water or sewage problem, that she called the police when her boyfriend hit her, and that she was bathing her child in another location because her bathtub was unsanitary, all demonstrate that Plaintiff was not acting with criminal negligence or reckless disregard for the safety or health of her child.  Instead, these facts demonstrate that Plaintiff was taking steps to improve the living conditions for herself and her son.

Finally, the Court finds that there is no evidence that Plaintiff placed her child "in a situation that may endanger the child's life or health."   N.M.S.A. § 30-6-1(D)(1).  The undisputed facts provide that, at the time Officer O'Brien made her decision to arrest Plaintiff, the child was asleep in the bedroom and not physically close to an inherently dangerous situation.  The undisputed facts establish that the child was in good health when examined that day by paramedics.

While some of the facts that Officer O'Brien relied on to arrest Plaintiff *could* be dangerous for a child if that child were physically close to them (such as the razors or razor blades and vicious pit bull), Defendants have not set forth any evidence to indicate that Plaintiff's son was ever in the same area of any of these potential dangers or that the pit bull behaved viciously toward the child or even toward Plaintiff.  Defendants present no evidence that the razors or razor blades or the cigarette butts were near the child, or that the child had access to or had gone near them.  Defendants present no evidence that the child was endangered by the "problem" with the gas in the apartment, the old food in the sink and around the apartment, or the fact that there was very little food in the refrigerator and cupboards, especially in light of the fact that Plaintiff was in the process of moving out of the apartment.  It is not unreasonable for an apartment to be in a state of disarray or for food supplies to be minimal when one is in the process of moving.  If this constitutes evidence of criminal child endangerment, many parents would be guilty of this crime.  The Court also finds no support for Defendants' claim that the ages of Plaintiff or her son provide evidence that the child was endangered. Without evidence that the child was in the immediate vicinity of something inherently dangerous, or that the child was malnourished or being fed rotten food, the Court cannot find that Officer O'Brien had probable cause to arrest Plaintiff for child abuse under N.M.S.A. § 30-6-1.  *See, e.g., Martinez v. The Lochbuie Police Dep't*, No. 04-CV-0020-MSK-BNB, 2006 WL 295391 at *4 n.8 (D. Colo. Feb. 6, 2006) (unpublished) (stating that the court probably would not find probable cause for arrest for child abuse based on unsanitary conditions alone).

While the Court recognizes that this is a close case, the Court concludes, based on the totality of the circumstances and the lack of any genuine issues of material fact in the record, that a reasonable officer with the same facts before him or her would not have arrested Plaintiff without a warrant.  The Court is also concerned with the seemingly inconsistent decision by Officer O'Brien

to not arrest Plaintiff's boyfriend for child abuse, even though he was at the apartment until Plaintiff called the police and, therefore, would have been presumably as responsible for exposing the child to the same conditions in the apartment for which Plaintiff was arrested.[39]  The Court notes that it is cognizant of the importance of allowing police officers to act to protect children, and the Court acknowledges Officer O'Brien's instinct to protect the child in this situation.  However, New Mexico law has a clearly established procedure to protect children where the alleged conduct may not rise to the level of criminal negligence.  The Children's Code, Abuse and Neglect Act, N.M.S.A. § 32A-4-6(A)(1), provides that "[a] child may be held or taken into custody . . . when the officer has reasonable grounds to believe that the child is suffering from illness or injury as a result of alleged abuse or neglect . . . or is in danger from the child's surroundings and removal from those surroundings is necessary."  There is no requirement under New Mexico law that a police officer make an arrest for child abuse in order to remove a child from a potentially hazardous situation, and in this case, the child *was* removed from the apartment and placed in CYFD custody.  Because the facts before Officer O'Brien at the time of Plaintiff's arrest do not satisfy the elements of child abuse under N.M.S.A. § 30-6-1, the Court finds that Officer O'Brien arrested Plaintiff without probable cause.[40]

---

[39]*See Motion for Summary Judgment* Exhibit B *(Doc. 48-2)* at 9 (deposition page 51) ("Q. Was Mr. Jaramillo also charged with abandonment and cruelty to children?  A. No.").  The Court notes that the Criminal Complaint for Tomas Jaramillo contains the identical facts that Officer O'Brien relied on for arresting Plaintiff for child abandonment or abuse and, yet, Tomas Jaramillo was not arrested for that crime.

[40]The Court notes that Officer O'Brien states that she decided to arrest Plaintiff instead of placing her into CYFD custody because "Plaintiff needs to be responsible for taking care of that child."  *Motion for Summary Judgment (Doc. 48-2)* at 9 (deposition page 53).  This decision appears to be inconsistent with Officer O'Brien's decision to place Plaintiff's son into CYFD custody, because Plaintiff was also a juvenile at the time of her arrest and presumably was also endangered by the surroundings that led Officer O'Brien to remove her son.

Finally, the Court notes that Defendants argue that the question of whether Officer O'Brien had probable cause to arrest Plaintiff is a factual question for the jury.[41]   The Court disagrees. Probable cause for arrest is a proper issue for the jury "when there is no genuine issue of material fact." *Keylon*, 535 F.3d at 1215 (citing *Bruner v. Baker*, 506 F.3d 1021, 1028 (10th Cir. 2007)) (holding that "[b]ecause there were no issues of genuine fact . . . the district court erred in denying Ms. Keylon's motion for judgment as a matter of law").   Since the Court has determined that there are no genuine issues of material fact, it is proper for the Court to enter judgment as a matter of law. The Court has determined that Defendant did not have probable cause to arrest Plaintiff, and, therefore, finds that Plaintiff is entitled to judgment as a matter of law.

## IV.  CONCLUSION

Since the Court has found that there are no genuine issues of material fact as to Officer O'Brien's liability for violating Plaintiff's constitutional rights under the Fourth Amendment by arresting Plaintiff without probable cause, and that Plaintiff is entitled to judgment as a matter of law, the Court finds that Officer O'Brien is liable under the New Mexico Tort Claims Act and 42 U.S.C. § 1983 for arresting Plaintiff under N.M.S.A. § 30-6-1 without probable cause.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Summary Judgment on the Issue of Defendant M.[]L. O'Brien['s] Individual Liability for Plaintiff's Tort Claims and Section 1983 Claims (Doc. 48)* is **GRANTED**.

---

[41]*Response (Doc. 55)* at 3-6.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**