**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DESIREE HERRERA,**

        Plaintiff,

**v.**                                                                                   **No. CV-07-1128 LAM/ACT**

**CITY OF ALBUQUERQUE,**
**OFFICER M.L. O'BRIEN, in her**
**individual capacity and JOHN DOES**
**I through V, in their individual capacities,**

        Defendants.

**DEFENDANTS' MOTION TO RECONSIDER ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**ON THE ISSUE OF DEFENDANT O'BRIEN'S INDIVIDUAL LIABILITY**

Defendants, the City of Albuquerque and Officer M.L. O'Brien, by and through their attorneys, Robles, Rael & Anaya PC (Erika E. Anderson) and hereby respectfully requests, pursuant to Federal Rule of Civil Procedure 59 (e), that the Court reconsider its Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability.  As grounds for this motion, Defendants state the following.

    **I.**    **Introduction**

On November 24, 2008, this Court entered an Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability. [Document 60 p. 15] Defendants are not taking issue with the Court's reasoning, but are asking that, as a matter of law, the Court find that Officer O'Brien is entitled to qualified immunity and find that she is immune from suit.

## II.     Argument

### A.     Officer O'Brien Has not Waived Her Right to Raise Qualified Immunity.

While the issue of qualified immunity was not raised in Defendants' Response to Plaintiff's Motion for Summary Judgment, it was raised as an affirmative defense in Defendants' Answer to the Complaint as well as in the Pretrial Order.  Furthermore, it is well established that "qualified immunity can be raised any at time and a district court may enter ... judgment on that ground at any point before trial at which it is appropriate." *MacArthur v. San Juan County*, 495 F.3d 1157, 1162 (10th Cir. 2007) *citing Langley v. Adams County*, 987 F.2d 1473, 1481 n. 3 (10th Cir. 1993).  In addition, Courts have consistently found that qualified immunity can be raised in a Fed. R. Civ. Proc. 50 motion.  *See e.g. Kelly v. City of Oakland*, 198 F.3d 779, 784 (9th Cir. 1999).  There are also Courts that have held that the qualified immunity defense was not waived when a defendant raises the issue in a motion for the first time on the fourth day of trial. *Thompson v. City of Tucson Water Department*, Slip Copy, 2006 WL 3063500 (D. Ariz.)  Therefore, Officer O'Brien has not waived her right to raise a qualified immunity defense, and the Court should consider it now.

### B.     Officer O'Brien is Entitled to Qualified Immunity Because her Actions Did not Violate Clearly Established Law.

Whether Officer O'Brien's actions were objectively reasonable and whether she is entitled to qualified immunity requires a two part-process.  *Saucier*, 533 U.S. at 201.  The first step is to determine whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation.  *Id*.  If the plaintiff fails to establish a constitutional violation, the inquiry ends and the

officer is entitled to qualified immunity. *Id.* If, however, a constitutional violation could be determined, the Court must then determine whether the constitutional right was clearly established, which is a purely legal determination. *Id.* In evaluating whether an officer's conduct violated clearly established law, it has to be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Casey v. City of Federal Heights*, 509 F.3d 1278, 1284. In making this determination "[i]f it would not have been clear to a reasonable officer what the law required under the facts alleged, he is entitled to qualified immunity." *Bennett v. Murphy*, 274 F.3d 133, 137 (3rd Cir. 2002).

In the present matter, the Court has determined that there was a constitutional violation based upon the facts presented to the Court. The Court must now consider whether Officer O'Brien's conduct violated clearly established law. To determine whether a constitutional right is "clearly established," the relevant dispositive inquiry is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. In the present matter, the Court has acknowledged that whether Officer O'Brien had probable cause to arrest Plaintiff was a "close case". Because this case is a "close case" it would not have been clear to a reasonable officer what the law required. Furthermore, under *Davenpeck v. Alford*, 543 U.S. 146 (2004), it would have been reasonable for the arresting officer to arrest Plaintiff where there was probable cause to believe that a criminal offense had been or was being committed, even if there was not probable cause for the offense charge. Therefore, based upon the foregoing, Officer O'Brien's actions did not violate clearly established law, and she is entitled to qualified immunity.

**III.     Conclusion**

**WHEREFORE**, Defendants respectfully request that the Court reconsider its Order Granting Plaintiff's Motion for Summary Judgment on the Issue of Defendant O'Brien's Individual Liability.  Defendants further request that the Court determine that O'Brien is immune from liability and entitled to qualified immunity.

> Respectfully submitted,
>
> Robles, Rael & Anaya, P.C.
>
> By:    /s/ Erika E. Anderson
> Erika E. Anderson
> Attorneys for Defendants
> 500 Marquette Ave. N.W., Suite 700
> Albuquerque, New Mexico  87102
> (505) 242-2228
> (505) 242-1106 (facsimile)

I hereby certify that a true and correct
copy of the foregoing was mailed
this 1ˢᵗ day of December, 2008 to:


David Meilleur
Law Offices of NL. Simmons
120 Girard SE
Albuquerque, NM 87106
(505) 232-2575
(505) 232-2574 (facsimile)


/s/ Erika E. Anderson
 Erika E. Anderson